UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CELO LOGISTICS, LLC                                                                    PLAINTIFF

v.                                       No. 5:21-CV-05151

CROSSROADS TRANSPORT SERVICES, LLC                                 DEFENDANT

**OPINION AND ORDER**

Before the Court is Plaintiff Celo Logistics, LLC's motion (Doc. 8) for leave to file an amended complaint. The motion is not independently docketed, but is included within Plaintiff's response to Defendant Crossroads Transport Services, LLC's motion (Doc. 5) to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, Plaintiff's motion to amend will be granted.

**I.     Background**

Plaintiff, a freight broker, contracted with Defendant to haul certain cargo from Bethel Heights, Arkansas to Goodletsville, Tennessee. Plaintiff alleges that Defendant lost some cargo in transit, Plaintiff was forced to cover the loss by replacing the lost cargo and expediting shipping of the replacement, and Defendant has failed to indemnify Plaintiff for the $14,021.22 in damages sustained from the loss.

Plaintiff initially filed this action in Arkansas state court alleging breach of contract, promissory estoppel, and restitution. Defendant removed the action to this Court and filed a motion to dismiss for failure to state a claim, arguing that because the Carmack Amendment, codified at 49 U.S.C. § 14706, preempts all of the state law claims, relief cannot be granted as to Plaintiff's complaint. Plaintiff argues in response that the Carmack Amendment does not preempt its claims, but in the alternative requests leave to amend its complaint to comply with the Carmack

Amendment.

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given by the Court when justice so requires.  The Court should grant leave unless there is a good reason to deny it, such as prejudice to the opposing party, undue delay, or futility.  *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907-08 (8th Cir. 1999).

## III.    Discussion

"With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *New York, N.H. & Hartford R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953).  "In general, the Carmack Amendment preempts state law causes of action if they involve the loss of goods or damage to goods caused by the interstate shipment by a common carrier." *Propak Logistics, Inc. v. Landstar Ranger, Inc.*, No. 2:11-CV-02202, 2012 WL 1068118, at *2 (W.D. Ark. Mar. 29, 2012) (citations omitted).  "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, (2003).  "[O]nly claims based on separate contractual obligations between brokers and carriers— unrelated to the bills of lading *or claims for damage to goods due to a carrier's negligent transport*—will survive preemption." *Propak*, 2012 WL 1068118, at *2 (emphasis added).

Plaintiff argues that its claim for damages arises from a separate contractual obligation, however, Plaintiff's claim is a "claim[] for [lost] goods due to [Defendant's] negligent transport." *Id.*  Plaintiff's claim is the exact type of claim superseded by the Carmack Amendment.  Therefore, Plaintiff's claims against Defendant are preempted by the Carmack Amendment, and Defendant's

motion to dismiss would be granted if the Court were to rule on it.

Plaintiff requests that should the Court find the Carmack Amendment preempts its claims, Plaintiff should be granted leave to file an amended complaint that complies with the Carmack Amendment. Defendant does not oppose this request, and the Court finds that no prejudice would be caused by granting Plaintiff leave to amend rather than dismissing the complaint.

## IV.　CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 8) to file an amended complaint is GRANTED. Plaintiff has until October 14, 2021 to file its amended complaint.

IT IS SO ORDERED this 30th day of September, 2021.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE